**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| COREY MORRIS, | : | |
|            Petitioner, | : | Civil Action No. 15-1502 (MAS) |
| v. | : | **OPINION** |
| MR. STEPHEN D'ILLIO, et al., | : | |
|            Respondents. | : | |

**SHIPP, District Judge**

Pro se Petitioner Corey Morris, confined at the New Jersey State Prison in Trenton, New Jersey, files the instant Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for his robbery conviction. (ECF No. 1.) For the reasons stated below, the Court denies the Petition.[1]

### I.  FACTUAL BACKGROUND

For the purposes of this Opinion, the Court relies on the following findings of fact by the Appellate Division on review of the denial of post-conviction relief ("PCR"):

> [D]efendant was convicted of robbing a sixty-year-old man named Joseph Spivak on July 11, 2002. Defendant was tried and convicted in October 2003. The trial evidence can be summarized briefly. A taxi cab driver witnessed the robbery as it was occurring. The cab driver followed defendant until he entered a car. At that point the cab driver called in the car's description and license plate number to the police, followed the vehicle until he saw the police car arriving, and then blocked in the vehicle with his taxi to prevent defendant's escape. The police immediately arrested defendant and a companion, Cynthia Bazil, who was driving the vehicle. The taxi

---

[1] Because the Court is denying the Petition, Petitioner's motion for an evidentiary hearing (ECF No. 21) is denied as moot.

>driver identified defendant to the police, and also identified him at trial as the robber. Spivak likewise identified defendant as the robber, both shortly after the arrest and at trial. After waiving his *Miranda*[2] rights, defendant confessed, and his confession was introduced at his trial. Bazil also testified against him.

(Petition, Ex. G., *State v. Morris*, No. A-5057-10T3, slip op. at 2-3 (N.J. Sup. Ct. App. Div. Feb. 4, 2014) ("PCR Op.," ECF No. 1-6).)

During the pretrial proceedings, Petitioner was assigned a public defender, but due to various issues he had with the public defender, he filed a motion to represent himself. (PCR Hearing Tr. 39, May 13, 2011, ECF No. 12.)[3] The trial court rejected the motion because it found that Petitioner failed to make a knowing and intelligent waiver of his right to counsel. (*Id.* at 40-41.) Subsequently, Petitioner was offered a plea deal of concurrent five-year sentences for two indictments.[4] (*Id.* at 26.) Despite repeated cautions from the trial court regarding the consequences of going to trial, Petitioner rejected the plea offer. (*Id.* at 26-27.) Trial counsel also filed a motion to suppress Petitioner's confession as involuntary, and the trial court held a *Miranda* hearing to determine whether Petitioner's confession was admissible. (*Miranda* Hearing Tr. 8, Oct. 15, 2003, ECF No. 18-25.) Only one witness testified at the hearing, Detective Robert Sheehan, who was the officer that interrogated Petitioner. (*Id.* at 9.) Based on Detective Sheehan's testimony, the trial court denied the motion to suppress. (*Id.* at 23.) Petitioner was eventually convicted of

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] The Court refers to the ECF page numbers of the referenced documents.

[4] Petitioner was also indicted for another robbery against another victim that occurred on a different day. (*See* PCR Op. 4.) That indictment and eventual conviction was the subject of another § 2254 petition filed with this Court, in *Morris v. D'Llio*, No. 14-6023 (D.N.J. filed Sept. 16, 2014). The prosecution's plea offer covered both indictments. (PCR Hearing Tr. 26, May, 13, 2011, ECF No. 12.)

2

second-degree robbery and third-degree theft by unlawful taking, and sentenced to sixteen years of imprisonment. (PCR Op. at 3.)

Petitioner appealed the conviction and sentence, and the Appellate Division affirmed his conviction, but remanded for re-sentencing. (*Id.* at 4.) On remand, the trial court imposed the same sentence. *Id.* Petitioner did not appeal from that sentence. (*Id.* at 5.) Petitioner then filed a PCR application, which was denied and affirmed on appeal. (*Id.* at 10.) The New Jersey Supreme Court denied certification. *State v. Morris*, 220 N.J. 573 (2015). The instant Petition followed.

## II.   STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a claim has been adjudicated on the merits in a state court proceeding, a writ for habeas corpus shall not issue unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012).

A state-court decision involves an "unreasonable application" of clearly established federal law if the state court (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or

unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal courts must follow a highly deferential standard when evaluating, and thus give the benefit of the doubt to state court decisions. *See Felkner v. Jackson*, 562 U.S. 594, 598 (2011); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (petitioner bears the burden of rebutting presumption by clear and convincing evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (factual determinations of state trial and appellate courts are presumed to be correct).

### III. DISCUSSION

Petitioner raises six grounds for relief, that: (1) the prosecutors engaged in misconduct by intentionally withholding evidence that could be used to show that Petitioner's confession was coerced (Ground I); (2) trial counsel was ineffective by failing to subpoena and call a witness at the *Miranda* hearing that could have also shown that Petitioner's confession was coerced (Ground II); (3) trial counsel was ineffective in informing Petitioner of his right to testify at the *Miranda* hearing, because Petitioner's testimony would have further supported the assertion that his confession was coerced (Ground III); (4) trial counsel failed to suppress Petitioner's confession as involuntary (Ground IV); (5) trial counsel failed to advise Petitioner that the mandatory parole supervision requirement under state law would be consecutive if imposed on multiple sentences, and had Petitioner been advised properly, Petitioner would have agreed to the State's plea offer

4

(Ground V); and (6) appellate counsel was ineffective in failing to investigate the trial court's decision to preclude Petitioner from self-representation (Ground VI). (ECF No. 1.) After Respondents filed their Response, Petitioner withdrew Ground IV from the Petition. (*See* Pet'r's Letter, ECF No. 20.) The Court addresses the remaining grounds separately below.

### A. Ground I – *Brady* Violation

In Ground I, Petitioner asserts that the prosecutors engaged in misconduct by intentionally withholding a bail form that could have shown that Petitioner's confession was coerced. According to Petitioner, "[t]he ROR bail forms could have established that Petitioner's confession was involuntary due to the fact that he was told that if he confessed to the robbery the police would let him go home." (Petition 26-27, ECF No. 1.) This argument was presented to the PCR trial court as a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (PCR Hearing Tr. 74.) The Appellate Division affirmed the PCR denial on the ground that "the evidence of defendant's guilt was overwhelming." (PCR Op. 10.)

"[T]he suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. This rule requires prosecutors to disclose known material information favorable to the accused and "to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). Thus, *Brady* expressly proscribes withholding evidence "favorable to an accused" and "material to [his] guilt or to punishment." *Cone v. Bell*, 556 U.S. 449, 451 (2009). To establish that a *Brady* violation undermines a conviction, a convicted defendant must make each of three showings, that: (1) the evidence at issue is "favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the State suppressed the evidence, "either willfully or inadvertently"; and

(3) "prejudice . . . ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *see Banks v. Dretke*, 540 U.S. 668, 691 (2004). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Thus, nondisclosure merits relief only if the prosecution's failure "undermines confidence in the outcome of the trial." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (quoting *Bagley*, 473 U.S. at 678).

The Court finds that the state court's determination was a reasonable application of the foregoing Supreme Court precedents. Even assuming there was a technical *Brady* violation—that the prosecution did in fact withhold evidence that would have shown Petitioner's confession was coerced—the proper remedy would have been the exclusion of Petitioner's confession at trial. However, as the state court found, there was still overwhelming evidence proving Petitioner's guilt even without his confession, including the testimonies of the cab driver, the victim, and the driving companion. Accordingly, the Court finds that the state court's holding that there was overwhelming evidence against Petitioner was a reasonable determination of the facts, and there was no reasonable probability, had the alleged undisclosed evidence been given to Petitioner, that the result of the proceedings would have been different. *Accord Lyons v. Sec'y of Dep't of Corr.*, 445 F. App'x 461, 464 (3d Cir. 2011) (finding no *Brady* violation when the exculpatory evidence in question was not material to the defense, and overwhelming evidence supported the defendant's guilt). Moreover, Petitioner has not challenged the state court's factual findings by presenting clear and convincing evidence to the contrary. Therefore, Petitioner has not demonstrated that the

6

state court's ruling was contrary to or an unreasonable application of Supreme Court law, or based on an unreasonable determination of the facts, and Petitioner is not entitled to relief on this ground.[5]

## B.     Grounds II and III, Ineffective Assistance Relating to Confession

In Grounds II and III, Petitioner raises various claims for relief relating to trial counsel's ineffective assistance, namely that counsel did not call other witnesses to testify at the *Miranda* hearing, or provide adequate advice to Petitioner so he could make an informed decision as to whether he himself should have testified. Petitioner argues that his and other witnesses' testimonies would have shown that Petitioner's confession was coerced. These claims were raised in the PCR proceedings, and the Appellate Division affirmed based on the overwhelming evidence against Petitioner. (PCR Op. 10.)

The Sixth Amendment guarantees the accused the "right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To meet this prong, a

---

[5] Petitioner submitted correspondence asking the Court to consider a recent Supreme Court decision, *Wearry v. Cain*, 136 S. Ct. 1002 (2016), in support of his *Brady* claim. (Letter, Apr. 7, 2016, ECF No. 23; Letter, Apr. 11, 2016, ECF No. 24.) The Court has reviewed *Wearry* and finds that it did not announce any new law helpful to Petitioner. Regardless, *Wearry* is distinguishable from this case because the exculpatory evidence withheld by the prosecution in that case would have severely damaged the credibility of the prosecution's star witness, whose testimony was essential to the prosecution's case; indeed, the exculpatory evidence in *Wearry* was compelling, both in quality *and* in quantity. *See* 136 S. Ct. at 1004-06. Here, the state court found that Petitioner's confession was not essential to the instant case, which determination the Court finds reasonable.

7

"convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness." *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693. To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[6] *Id.* at 1089 (quoting *Strickland*, 466 U.S. at 695).

Here, the Court finds that the state court's determination was a reasonable application of established Supreme Court law. The Appellate Division held that, "[a]fter reading the trial transcript, we agree with [the Law Division] that the evidence of defendant's guilt was overwhelming." (PCR Op. 10.) Although the Appellate Division's decision is sparsely worded, it stands for the inescapable conclusion that even assuming trial counsel's assistance was ineffective, Petitioner could not have been prejudiced because there was overwhelming evidence against him. All of Petitioner's allegations against trial counsel are summed up by Petitioner's assertion in the withdrawn Ground IV that "trial counsel failed to suppress Petitioner's confession as involuntary." Even if the Court assumes that trial counsel's performance at the *Miranda* hearing was objectively unreasonable, it does not matter what testimonies Petitioner and the alleged

---

[6] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

8

witnesses could have offered, since the outcome of the case would not have been different. Indeed, Officer Valdona, one of the witnesses Petitioner alleges that counsel failed to subpoena for the hearing, could have testified summarily that the confession was in fact coerced, the utmost favorable testimony Petitioner could ever hope for, and all that the trial court would have done would have been to exclude the confession from the trial. As explained above, that exclusion would not have changed the outcome of the trial given the overwhelming evidence against Petitioner. *Accord United States v. Millhouse*, No. 06-285, 2013 WL 5467743, at *3 (E.D. Pa. Sept. 30, 2013) (holding that defendant was not prejudiced by ineffective assistance of counsel for failure to suppress post-arrest statements under *Miranda*, because other evidence independent of those statements was overwhelming).

Thus, the Court finds that the state court's ruling, that Petitioner was not prejudiced by any alleged errors of the trial counsel due to overwhelming evidence against Petitioner, was a reasonable application of Supreme Court law based on a reasonable determination of the facts, and Petitioner is not entitled to relief on these grounds.

### C. Ground V – Ineffective Assistance Relating to Rejection of Plea

In Ground V, Petitioner asserts that trial counsel provided ineffective assistance by failing to explain Petitioner's sentencing exposure on the limited issue of mandatory parole supervision, namely that multiple sentences would result in consecutive parole terms, rather than concurrent ones. Petitioner contends that had he been properly informed, he would have agreed to the plea agreement rather than going to trial.

This argument was raised in the PCR proceedings. The Appellate Division affirmed the PCR denial by relying on the Law Division's holdings, stating that:

> defendant's trial counsel and the trial judge had both advised defendant that he faced decades of prison time in this case and in the

> other pending robbery indictment, and that he could avoid that risk by taking the State's offer of concurrent five-year terms to resolve both cases. Defendant repeatedly refused the plea offer and insisted on going to trial. [The Law Division] found that further advice on the subject would have been futile because defendant was determined to go to trial.

(PCR Op. 6.)

The standard for analyzing effectiveness of trial counsel in a plea context is examined under the same *Strickland* two-part test described above. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014). Where counsel's ineffective advice led to a plea offer's rejection, and where the prejudice alleged is having to stand trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012).

Here, the Court finds that the state court's determination was a reasonable application of established Supreme Court law. The Appellate Division held that (1) there was no ineffective assistance of counsel, because counsel adequately explained the sentencing exposures to Petitioner; and (2) even if trial counsel did fail to advise Petitioner on the parole consequences of his potential sentence, further advice on the matter would not have changed Petitioner's decision to go to trial. The Appellate Division's holding addressed multiple claims of ineffective assistance of counsel in the plea context, only one of which is raised in the instant Petition. As such, it is difficult for the Court to determine from the record whether the state court made an explicit finding

10

that trial counsel was indeed effective on the limited issue of mandatory parole supervision. However, the record supports the Appellate Division's factual finding that even if trial counsel had fully informed Petitioner of the complete consequences of the mandatory parole supervision, Petitioner would not have agreed to the plea agreement.

The record shows that at the time of the plea, Petitioner was advised that he was facing a potential 25-year sentence with 17 years of parole ineligibility, juxtaposed against the State's offer of a plea agreement for 5 years with an 85 percent parole ineligibility. (PCR Hearing Tr. 27.) Despite the trial court's repeated questioning, Petitioner stated in no uncertain terms that he wanted to go to trial. (*Id.*) In other words, Petitioner decided to reject the plea agreement despite an offer that would have reduced his potential sentence from 25 years to 5 years. But now, Petitioner would have this Court believe that he would have agreed to the plea offer had he been advised of the potential for additional years of parole supervision on top of the 25 years of imprisonment. The Law Division found this argument utterly meritless, stating that "[i]t appears disingenuous for the defendant to argue he would have accepted a plea bargain had he known the exact length of parole supervision after release from jail." (*Id.* at 31.) The Court agrees. *Accord Johnson v. Perry*, 602 F. App'x 128, 129 (4th Cir. 2015) (rejecting petitioner's *Lafler* claim because the court found petitioner's assertion that he would have accepted the plea not credible). Further, Petitioner has not provided nor pointed to any evidence, let alone clear and convincing evidence, that would undermine the state court's factual determination. Consequently, the Court finds that the state court's ruling was a reasonable application of *Strickland* and *Lafler* based on a reasonable determination of the facts, and Petitioner is not entitled to relief on this ground.

### D.        Ground VI – Ineffective Assistance of Appellate Counsel

In Ground VI, Petitioner asserts that appellate counsel was ineffective for failing to investigate the trial court's refusal to allow Petitioner to represent himself at trial and for failing to raise this issue on appeal. This argument was raised in the PCR proceedings, but the Appellate Division did not provide an independent analysis of this issue. Instead, it deferred entirely to the Law Division's findings. (PCR Op. 10.) The Law Division found that Petitioner's claim was a bald assertion that must be rejected. (PCR Hearing Tr. 45.) The Law Division also held that, generally, appellate counsel cannot be deemed deficient or ineffective for failing to raise baseless claims on direct appeal. (*Id.* at 36.)

Criminal defendants have a right, under the Sixth Amendment, to self-representation. *Faretta v. California*, 422 U.S. 806, 832 (1975). But "the right to self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." *Faretta*, 422 U.S. at 835. "The information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). However, "[e]ven at the trial level . . . the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Edwards*, 554 U.S. at 177 (quoting *Martinez v. Ct. of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000)).

The Court finds the state court's determination was a reasonable application of established Supreme Court law. During the hearing on Petitioner's motion to represent himself, the following exchange occurred between Petitioner and the trial court:

> **Court:** So you're going to explain the law to the jurors?
>
> **Petitioner:** I explained the necessary rules of procedures that govern this. This United States of American (sic) in this world politically comes from proceeding that's going on now, [Y]our Honor.
>
> **Court:** Okay. And so you're going to explain the rules of procedure to the jury?
>
> **Petitioner:** I mean, the rules, I mean, explaining the necessary things that go on everyday, my, my struggle, and basically from a point of jury nullification, which is Mr. William Anklowitz.
>
> **Court:** So in other words, to get them to let you go despite the fact that you're guilty, is that what you are saying?
>
> **Petitioner:** Yes, sir.

(*Id.* at 40.) The PCR trial court found, in agreement with the trial court, that "the defendant's philosophical view of the law would severely impair his defense by attempting to admit otherwise inadmissible evidence." (*Id.*)

In addition, this exchange makes clear that Petitioner's motivation in self-representation was to assert a right he did not have and to engage in conduct that attorneys are routinely prohibited from doing. The exchange shows that he was determined to argue for jury nullification. But courts have routinely held that defendants possess no right to argue for jury nullification. *See United States v. Mix*, 791 F.3d 603, 609 (5th Cir. 2015) (finding that defendant "had no right to jury nullification"); *Sorich v. United States*, 709 F.3d 670, 678 (7th Cir. 2013) ("But jury nullification is just a power, not also a right.") (citation omitted); *Rucker v. Hamlet*, 369 F. App'x 786, 786-87 (9th Cir. 2010) (upholding a California state court jury instruction, that deters the jury from

reaching a jury nullification result, as constitutional); *cf. Verlo v. Martinez*, 820 F.3d 1113, 1128 (10th Cir. 2016) (finding that defendant had no right to "distribute jury nullification pamphlets and engage in one-on-one conversations with individuals entering and leaving the Courthouse"); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("[D]efense counsel may not argue jury nullification during closing argument. Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence."); *Zal v. Steppe*, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("I believe neither a defendant nor his attorney has a right to present to a jury evidence that is *irrelevant* to a *legal* defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, *not* on jury nullification as urged by either litigant.") (emphasis in original); *United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (affirming trial court's refusal to admit evidence bearing no legal relation to the charges but which might encourage a "conscience verdict" of acquittal); *United States v. Jean-Charles*, No. 15-80055, 2015 WL 7820716, at *5 (S.D. Fla. Dec. 2, 2015) ("It is well-settled that federal case law prohibits a jury nullification defense."); *United States v. Smith*, No. 08-0389, 2009 WL 692149, at *4 n.3 (S.D. Ala. Mar. 13, 2009) ("Any effort by Smith at trial to encourage or solicit jury nullification would be improper[.]"). "[W]here the only possible deprivation suffered by the defendant is the possibility of jury nullification, the defendant's substantial rights have not been violated." *United States v. Allen*, 406 F.3d 940, 949 (8th Cir. 2005) (citation omitted). "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 835 n.46.

Here, by asserting that he intended to mount a "jury nullification" defense, Petitioner jeopardized the integrity of the criminal proceedings. More importantly, he failed to clearly and unequivocally show that he had any awareness of the rights and responsibilities of self-representation. *See Tovar*, 541 U.S. at 88; *United States v. Peppers*, 302 F.3d 120, 132 (3d Cir. 2002) (finding that to assert a knowing and intelligent waiver of counsel, a defendant must "understand[] the nature of the charges, the range of possible punishments, potential defenses, technical problems that the defendant may encounter, and any other facts important to a general understanding of the risks involved") (citation omitted). "Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be . . . aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835. It was reasonable for the state court to find that Petitioner did not understand his responsibilities—indeed, while arguing for self-representation, he inadvertently admitted to guilt in open court. In that regard, it was reasonable to find that appellate counsel was not ineffective for refusing to raise a meritless claim. Accordingly, the Court finds that the state court's ruling was a reasonable application of Supreme Court precedent based on a reasonable determination of the facts, and Petitioner is not entitled to relief on this ground.

### E. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.   CONCLUSION

For the reasons set forth above, the Petition is DENIED, and the Court DENIES a certificate of appealability.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: June 30, 2016